&AO 241
(Rev. 10/07)



**FILED**

OCT 17 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern | |
|---|---|---|
| Name (under which you were convicted): TJIAK WIE WONG | | Docket or Case No.: 2:22-cv-01839 CKD (HC) |
| Place of Confinement: California Men's Colony-West | | Prisoner No.: AZ1012 |
| Petitioner (include the name under which you were convicted) TJIAK WIE WONG | v. | Respondent (authorized person having custody of petitioner) D. SAMUEL, Warden. |
| The Attorney General of the State of | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Superior Court of California, County of Sacramento
   Main Courthouse
   720 9th Street
   Sacramento, CA 95814

   (b) Criminal docket or case number (if you know): 14F06639

2. (a) Date of the judgment of conviction (if you know): OCTOBER 6, 2015

   (b) Date of sentencing: FEBRUARY 5, 2016

3. Length of sentence: 25 yrs to Life plus 8 yrs.

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Counts 1-4, PC§ 245(a)(1)-Assault With a Deadly Weapon
   Count 5, PC§ 236- False Imprisonment
   Count 6, PC§ 22810(a)-Use of Teargas Weapon
   Counts 1 & 2, PC§ 12022.7(a)-[Great Bodily Injury (enhancements) found not true]

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: California Court of Appeal, Third Appellate District

(b) Docket or case number (if you know): C081332

(c) Result: Affirmed

(d) Date of result (if you know): July 28, 2021

(e) Citation to the case (if you know): Unknown

(f) Grounds raised:

① Appellant Denied Right to: Present a Defense; Fair Trial; and Due Process of Law Under State and Federal Constitutions when Trial Court Refused To Grant Key Defense Witness Immunity to Testify.

② Appellant Denied Right to: Present a Defense; Fair Trial; and Due Process of Law when Trial Trial Court Refused Defense's Request to Have Pinpoint Jury Instruction Given on Accident Defense.

(g) Did you seek further review by a higher state court?   ☑ Yes  ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of California

(2) Docket or case number (if you know): S270742

(3) Result: Review Denied

(4) Date of result (if you know): October 19, 2021

AO 241 (Rev. 10/07)

Page 4

  (5) Citation to the case (if you know): N/A

  (6) Grounds raised:
   Same As In Appellate Court

 (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

  If yes, answer the following:

  (1) Docket or case number (if you know):

  (2) Result:

  (3) Date of result (if you know):

  (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes ☐ No

  (7) Result:  N/A

  (8) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 5

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

                N/A

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes   ☐ No

        (7) Result:          N/A

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):   N/A

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:         N/A

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?         N/A

(1) First petition:   ☐ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The Trial Court Denied Petitioner's 5th, 6th, and 14th Amendment Rights to Present a Defense, a Fair Trial, and Due Process of Law when it Erroneously and Prejudiciously Denied Defense Witness Immunity to Testify

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court denied transactional as well as judicial immunity to defense witness Ki Kim, effectively voiding Petitioner's defense at trial. Witness Kim's testimony was exculpatory, as it would have accurately conveyed the events leading to the charged offenses, and removing all criminal culpability from the Petitioner. This denial by the trial court distorted the fact-finding process and prejudiced Petitioner irreparably, thereby denying him a fair trial under the law.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This Issue is Fully Exhausted

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   N/A   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This Issue was raised on Direct Appeal, so raising it in a post-conviction motion or habeas petition would be a violation of California State Law.

AO 241 (Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: There are no other remedies available in regards to Ground One.

**GROUND TWO:** The Trial Court Committed Reversible Error when It Denied Petitioner's Request for a Pinpoint Instruction on His Defense Theory of Accident, in Violation of the Due Process Clause of the 14th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court denied Petitioner's request to have a jury instruction read pursuant to CALCRIM 3404. This instruction supported Petitioner's accident defense and is consistent with his defense theory. Trial counsel expressed to the jury in closing argument that the victims of the charged offenses were involved in an automobile accident which occurred while Petitioner and witness Kim were chasing them in an attempt to retrieve merchandise stolen by the victims from the establishment where Petitioner and Mr. Kim worked.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This Issue is fully Exhausted

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):   N/A

Date of the court's decision:

AO 241 (Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? N/A ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This Issue was raised on Direct Appeal, so raising it in a post-conviction motion or habeas petition would be a violation of California State Law.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: There are no other remedies available in regards to Ground Two.

**GROUND THREE:**

N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:   N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

N/A

**GROUND FOUR:**

N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No                    N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

AO 241 (Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

   N/A

AO 241
(Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Maegan Gannon
Public Defender's Office
700 H Street, Ste. 0270
Sacramento, CA 95814

(b) At arraignment and plea: Marcus Wiggins
9046 Feather River Way
Sacramento, CA 95826

(c) At trial: Steve Whitworth
705 F Street
Sacramento, CA 95825

(d) At sentencing: Donald Masuda
2214 21st Street
Sacramento, CA 95818

(e) On appeal: Hilda Scheib
P.O. Box 29098
San Francisco, CA 94129

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No   N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Petitioner Requests this Honorable Court reverse the State Courts' decisions and remand the case to the State Trial Court to either retry Petioner without the stated violations raised herein, or apply any other equitable relief necessary to remedy the violations.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __10/11/2022__ (month, date, year).

Executed (signed) on __10/11/2022__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

## PROOF OF SERVICE BY MAIL

I hereby declare that on **10/11/2022** I filed the following document(s) with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) **Habeas Corpus Petition, 28 USC §2254**

(2) _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

United States District Court
Eastern District of California
Clerk of The Court
501 I Street, #4-200
Sacramento, CA 95814

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of **10/11/2022**, at San Luis Obispo, California.

**TJIAK W. WONG**
Petitioner's Name

_[signature]_
Petitioner's Signature

California Men's Colony – **West**
CDCR # **AZ-1012** / Cell: **G-FAC**
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Prison Mailbox Rule:
   Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mail. [*Houston v. Lack* (1988) 487 U.S. 266, 274; *Huizar v. Carey* (9th Cir. 2001) 273 F.3d 1220, 1222.] The box rule applies to prisoners filing in both federal and state courts. [*Huizar*, 273 F.3d at p. 1223.]

October 11, 2022

TO: The Honorable Clerk
US District Court
Eastern District of California
Sacramento, CA. 95814

Dear Sir or Madam,

I'm writing to inform you that on August 24, 2022, I submitted a trust withdrawal form requesting that a check in the amount of $5.00 be mail to this Court along with my petition for Writ of Habeas Corpus.

On this date, October 11, 2022, I learned that the check had not been cut, because the amount of $5.00 had not been deducted from my account. I will be writing to the trust account office today to inquire my request from August 24, 2022. In the mean time, I am sending a copy of my petition for Writ of Habeas Corpus to be filed before my time to file expires.

I thank you for your time and if it's necessary, the Court also can order that the filing fee be collected from my account.

Respectfully Submitted.

Tjiak Wong, AZ1012
CMC-West G23-30U
P.O. Box 8101
San Luis Obispo, CA. 93409