UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJIAK WIE WONG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D. SAMUEL,<br><br>　　　　　Respondent. | No. 2:22-cv-01839-DAD-CKD-P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 16) |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition for federal habeas relief, petitioner asserts that the trial court: (1) violated his constitutional right to due process by refusing to grant prosecutorial immunity to a witness petitioner wished to call in the defense case at trial–one Ki Kim who prosecutors had identified as an aider and abettor with respect to the crimes with which petitioner was charged; and (2) committed error in refusing to instruct the jury, as requested by petitioner's counsel, that the defendant was not guilty if he acted without the required intent but instead accidentally. (Doc. No. 1 at 5–8.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 5, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied. (Doc. No. 16.) Specifically, the findings and recommendations found that the Supreme Court has never held that

1

a trial court has the obligation to, or even the authority to, grant a witness immunity from prosecution and that, therefore, petitioner was not entitled to federal habeas relief as to this claim. (*Id*. at 8–9.) Relatedly, the findings and recommendations concluded that even if petitioner was suggesting that the prosecution's failure to grant the witness immunity constituted prosecutorial misconduct, he was not entitled to federal habeas relief under clearly established federal law. (*Id*. at 9.) Finally, as to petitioner's second claim, the findings and recommendations determined that the jurors at petitioner's trial were properly instructed under California law that petitioner had acted willfully, negating the possibility that he could be convicted of assault with a deadly weapon based upon mere mistake. (*Id*. at 10–11.) Accordingly, it was recommended that the pending petition for federal habeas relief be denied. (*Id.* at 11.)

The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service. (*Id.*) On August 18, 2023, after receiving an extension of time to do so, petitioner filed timely objections to the pending findings and recommendations. (Doc. No. 19.) In those objections petitioner does not provide any basis for questioning the correctness of the analysis of his claims set forth in the pending findings and recommendations. With respect to his claim that the trial court violated his constitutional rights by failing to grant immunity to the witness he wished to call at his trial, petitioner does not quarrel with the magistrate judge's conclusion that the Supreme Court has never held that a trial court has the obligation or authority to grant such immunity. Instead, petitioner argues only that the California Supreme Court has suggested that under some circumstances the trial court should offer such immunity. (*Id*. at 2.) The remainder of petitioner's objections to the recommendation that relief as to this claim be denied are devoted in large part to unpersuasive arguments that petitioner was the subject of some sort of discriminatory prosecution. (*Id.* at 3–8.) Petitioner's objections addressing his claim of jury instruction error are likewise unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper

analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on July 5, 2023 (Doc. No. 16) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 27, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE